In the Matter of BENJAMIN RIVERA, JR., Respondent, v DESIREE L. PEREZ, Appellant. (Appeal No. 1.) [749 NYS2d 762] —Appeal from an order of Family Court, Erie County (Szczur, J.), entered June 19, 2000, which granted the petition of the father for custody of the parties' child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Desiree Lee Perez (mother) appeals from four orders of Family Court concerning issues of custody and visitation with respect to her son, who was born on June 29, 1995. Appeal No. 1 is from an order granting the petition of Benjamin Rivera, Jr. (father) for custody of the child. Appeal No. 2 is from an order dismissing the father's petition for visitation. Appeal No. 3 is from an order dismissing the mother's petition for custody and permission to relocate with the child to Georgia. Appeal No. 4 is from an order dismissing the petition of the paternal grandmother for visitation. We note at the outset that appeal Nos. 2 and 4 must be dismissed because the mother is not aggrieved by the orders entered therein (*see* CPLR 5511; *see also Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488).

The court scheduled the mother's petition for custody and permission to relocate for trial and held the remaining petitions in abeyance. It is uncontroverted that the parties had never married, that the father's paternity had been established, and that no order or formal agreement concerning custody of the child existed when the father's custody petition was filed. At the close of the mother's proof, the father's attorney moved to dismiss the mother's petition. The court found the testimony with respect to the mother's efforts to maintain a life in Erie County "woefully inadequate" to justify relocation and dismissed the mother's petition with prejudice. The court further found that the mother had given no indication that she wished to reside in Erie County in order to retain custody, and the court granted the father's petition for custody despite having previously held that petition in abeyance.

In determining whether to grant permission to relocate, the court must determine whether the party seeking to relocate established by a "preponderance of the evidence that [the] proposed relocation would serve the child's best interests" (*Matter of Tropea v Tropea,* 87 NY2d 727, 741). The court is required to consider all relevant factors (*see id.* at 740-741). Here, the court denied the mother's petition without any testimony from or on behalf of the father, and thus it cannot be said that the court considered all factors relevant to relocation. A fortiori, there is no basis in the record to grant custody to the father. We therefore reverse the order in appeal No. 3 denying the mother's petition and the order in appeal No. 1 granting the father's petition for custody, and we remit the matters to Family Court, Erie County, for further proceedings on those petitions. We note that, pending determination of the petitions, the order entered May 16, 2000 granting temporary custody of the child to the father remains in effect. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.